UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 1:11-cr-354-(24)-LJO |
|---|---|
| Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER DENIAL OF DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |
| v. | |
| ARMAND VALLE, | |
| Defendant. | (ECF No. 765) |

On November 7, 2017, Defendant Armand Valle ("Defendant") moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582"), in accordance with United States Sentencing Guidelines ("USSG") § 1B1.10(b)(1) and Amendment 782 to the USSG. ECF No. 747. In an order dated September 14, 2018, the Court denied the motion to reduce the sentence. The Court concluded that after considering the applicable § 3553(a) factors and "[i]n light of the substantial benefit Defendant received pursuant to his Rule 11(c)(1)(C) agreement even before Amendment 782 was enacted, the seriousness of his crimes, and the lack of supporting material about Defendant's post-conviction conduct, the Court declines to exercise its discretion to grant a 20-month reduction in Defendant's sentence." ECF No. 763 at 10.

On September 26, 2018, Defendant made a motion to reconsider the denial of his motion for a sentence reduction, submitting as an exhibit a transcript listing the 11 inmate education courses in which Defendant has enrolled since 2013 in order to bolster the evidence about his post-conviction conduct. ECF No. 765. On September 28, 2018, before the Court had ruled on the motion for reconsideration,

Defendant filed a notice of appeal of the denial of his § 3582 motion. ECF No. 766. On October 4, 2018, Defendant made a request for an indicative ruling on his motion for reconsideration, pursuant to Federal Rule of Criminal Procedure 37. ECF No. 770. That rule provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). If the district court states in an indicative ruling that it would grant the motion upon remand or that the motion raises a substantial issue, "the movant must promptly notify the circuit clerk" and "the court of appeals may remand for further proceedings." Fed. R. App. P. 12.1.

The Court again commends Defendant on his apparent good behavior and efforts to enroll in educational courses while incarcerated. Nevertheless, the addition of the inmate education transcript does not tip the scales in a substantial way and does not alter the Court's original conclusion that the § 3553(a) factors do not warrant a 20-month reduction in Defendant's sentence.

Accordingly, for the reasons explained in the Court's original order, Defendant's motion for reconsideration of the denial of Defendant's motion to reduce his sentence pursuant to § 3582 is **DENIED**.

IT IS SO ORDERED.

Dated: __**October 10, 2018**__  _____/s/ Lawrence J. O'Neill_____
                                       UNITED STATES CHIEF DISTRICT JUDGE